EMILIO M. GARZA, Circuit Judge,
dissenting:
The majority’s opinion leaves the jury to speculate on Dorothy Blow’s subjective opinion that the City of San Antonio’s alleged bureaucratic snafu amounted to a pretext for discrimination. I believe that Blow has failed to allege-any competent evidence that the City employees responsible for hiring had actual knowledge of the bureaucratic error in forwarding the applications. Without such evidence, Blow fails to rebut the City’s proffered non-discriminatory reason of bureaucratic mistake, and her Title VII claim cannot survive summary judgment.
The crux of Blow’s discrimination claim is that the City violated its internal policy in hiring Wilson Plunkett without regard to the Librarian III eligibility list. Administrative Directive 4.16 states that the City should interview and hire an employee from a compiled list of eligible employees. The City admits that it did .not follow its normal hiring policy, but attributes it to an administrative error. Normally, the Human Resources Department collects applications for a particular position, creates an eligibility list for it, and then forwards the applications along with the eligibility list to Martha Montemayor, an administrative assistant at the Public Library Department. In turn, Montemayor forwards only the applications to- Craig Zapatos and Jana Prock, the City employees responsible for interviewing Librarian III applicants. In the case of Plunkett, however, the Human Resources Department and Montemayor mistakenly forwarded only his application to Zapatos and Prock. Blow’s application, as well as those of nine other applicants, was not sent to Montemayor until after Plunkett had been interviewed.
Significantly, Zafpatos and Prock have said that when they interviewed Plunkett, they did not know of this- bureaucratic error committed by Montemayor and the Human Resources Department. Conversely, Montemayor has said that she did not have any contact with either Zapatos *299 or Prock regarding Blow. Blow has also admitted that Zapatos and Prock did not know that she had applied for the job. Without any evidence linking Zapatos and Prock with Montemayor and the Human Resources Department, Blow simply fails to show that the City’s alleged bureaucratic error was, in fact, a pretext for discrimination.
I agree with the majority that Blow only needs to provide evidence that “the employer’s proffered explanation is unworthy of credence” to show pretext under the McDonnell Douglas burden-shifting framework. Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000) (citations omitted). Blow has not met this Reeves standard. She has failed to adduce competent evidence to raise a genuine issue of material fact of whether the City’s proffered non-discriminatory reason was pre-textual. She does not provide any evidence that Prock and Zapatos knew that she had applied for the job or that they knew of the administrative error. Blow instead offers only her subjective opinion that she is the victim of racial discrimination. See Lowery v. Univ. of Houston-Clear Lake, 82 F.Supp.2d 689, 696 (S.D.Tex.2000) (“Speculation and belief are insufficient to create a fact issue as to pretext, and pretext cannot be established by mere conclusory statements of a plaintiff who feels that she has been discriminated against.”)
Accordingly, I respectfully dissent.